UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY CARTER, | ) | CASE NO. 5:07 CV 1028 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CANTON SHERIFF'S | ) | AND ORDER |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 9, 2007, pro se plaintiff Gary Carter filed this action under 42 U.S.C. §

1983 against the Stark County Sheriff's Department[1], the City of Canton Police Department, Stark

County Chief Deputy Michael A. McDonald[2] and Stark County Sheriff Timothy Swanson. In the

complaint, plaintiff alleges he was the victim of an assault by another inmate.  He seeks "a criminal

complaint  with  the  United  States  District  Court  against  the  Stark  County,  Ohio  Sheriff's

---

[1]     Mr. Carter refers to this defendant as the City of Canton Sheriff's Department. The
Sheriff's Department is a division of the county rather than the municipality.  Because Mr. Carter
also includes a claim against the City of Canton Police Department, the court presumes Mr. Carter
intended to name the Stark County Sheriff's Office as a defendant.

[2]     Again, Mr. Carter states that this defendant is the City of Canton Chief Deputy.  The
sheriff's department has a Chief Deputy, while the City has a Chief of Police.  He later refers to Mr.
McDonald as the "Stark County Chief Deputy."  (Compl. at 4.)  The court therefore presumes that
Mr. McDonald is employed by the Stark County Sheriff's Office rather than by the City of Canton.

Department and Stark County Chief Deputy Michael McDonald, also the Stark County Police Dept." (Compl. at 4.) He states that he "also seek[s] [a] civil action against the above named officials and the Stark County Jail." (Compl. at 4.)

## Background

Mr. Carter alleges that on December 26, 2006 he was taken to the Stark County Jail from the Belmont Correctional Institution to attend a court hearing. He contends that later in the day of his arrival, he was attacked by a pretrial detainee, Edward Lang, who was awaiting trial on charges that he committed a double homicide. Mr. Carter contends that because of the severity of the charges against Mr. Lang, he should have been isolated from other inmates instead of being housed in the general jail population. Mr. Carter suffered an eye laceration and a broken jaw from the attack. Assault charges were filed by the State of Ohio against Mr. Lang.

As a result of this incident, a separation order was issued by Stark County Jail Sgt. Myers on January 2, 2007. The following day, January 3, 2007, Mr. Carter was transported to the Canton Municipal Court to provide testimony relative to the assault charges against Mr. Lang. Contrary to the separation order, Mr. Carter was placed in the same transport van with Mr. Lang and was taken up the courtroom on the same elevator as the man against whom he would soon provide testimony. Mr. Carter claims he alerted Canton Police Officers Adams and Biggams and the officers took appropriate action to separate the two inmates for the remainder of the day.

Mr. Carter states that even after the assault, Mr. Lang was kept in the general jail population. On March 8, 2007, Mr. Lang assaulted two Stark County Sheriff's Deputies. Mr. Carter indicates that after two officers were attacked, Mr. Lang was moved to a more isolated part of the jail. Mr. Carter contends he wants criminal charges brought against the defendants and further

indicates that he desires to pursue a civil action. He does not specify the relief he seeks.

## Analysis

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an <u>in forma pauperis</u> action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

### *Criminal Charges*

As an initial matter, Mr. Carter's request for criminal prosecution of the defendants is misplaced. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). This court is simply unable to grant the relief requested by plaintiff.

### *Civil Action*

In addition, Mr. Carter indicates that he wishes to pursue a civil action under 18 U.S.C. § 241 and 242. These are criminal statutes. They provide no private right of action. <u>U.S.</u>

---

[3]     An <u>in forma pauperis</u> claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

v. Oguaju, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994); Willing v. Lake Orion Comm., 924 F. Supp. 815 (E.D. Mich 1996).

Mr. Carter also indicates that the defendants acted under color of state law. Although he does not explicitly state the statute under which such a cause of action would arise, the court liberally construes his statement as an attempt to assert claims under 42 U.S.C. § 1983.

Even under 42 U.S.C. § 1983, Mr. Carter fails to state a claim upon which relief may be granted against the defendants named in the complaint.  First, the Stark County Sheriff's Department and the City of Canton Police Department are not sui juris and therefore cannot sue or be sued.  See Nieves v. City of Cleveland, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987).  See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997).  They are merely sub-units of the local governments they serve.  Id.  In this case, Mr. Carter's claims are really stated against the City of Canton and Stark County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it

4

unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Canton or Stark County which may have resulted in the deprivation of a federally protected right of the plaintiff.

For similar reasons, Mr. Carter has not stated a claim for relief against Stark County Chief Deputy Michael A. McDonald and Stark County Sheriff Timothy Swanson. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Mr. Carter does not allege that either the Chief Deputy or the Sheriff was personally involved in the incidents listed in the complaint. Instead, it appears that these individuals were named as defendants in this action solely because they supervise or employ other individuals who may have been personally involved in the activities in question. For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom or supervisor must have encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, the complaint contains no suggestion of a custom or policy of the Stark County Chief Deputy or the Stark County Sheriff, which may have resulted in the deprivation of a federally protected right of the plaintiff. There is also no suggestion that either of these individuals encouraged, acquiesced in, or directly

5

participated in the conduct described in the complaint.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

August 3, 2007

       s/ Sara Lioi
SARA LIOI
UNITED STATES DISTRICT JUDGE

---

[4]     28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.